UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

PEOPLE'S UNITED EQUIPMENT FINANCE CORP., §
§
*Plaintiff*, §
§
v. § CIVIL ACTION H-17-56
§
HALL, *et al.*, §
§
*Defendants*. §

**MEMORANDUM OPINION & ORDER**

Pending before the court is plaintiff People's United Equipment Finance Corp.'s ("People's United") motion for default judgment. Dkt. 7. Based on a review of the complaint, motion, record evidence, and applicable law, the court is of the opinion that the motion should be GRANTED.

**I. BACKGROUND**

People's United brought this action against third-party guarantors to collect unpaid amounts due under a financing agreement between People's United and Iddings Trucking, Inc. ("Iddings"). Dkt. 1. Between March and April 2015, Iddings executed and delivered three promissory notes to People's United, collectively totaling $785,680.00. Dkt. 1, Exs. 1–3. The notes required Iddings to repay People's United in monthly installments. *Id.* Additionally, the notes and corresponding loan documents provided for acceleration of all indebtedness if Iddings defaulted on any of its obligations to People's United. *Id.*

On March 11, 2015, Thomas E. Hall and George C. Loeber each signed and delivered identical guaranties of Iddings's obligations to People's United. Dkt. 1, Ex. 4. Under the terms of the guaranty agreements, the defendants jointly accepted direct and unconditional liability of Iddings's obligations to People's United. *Id.* The guaranties included terms that limited the

defendants' release until the obligations of Iddings to People's United had been fully paid and performed with interest. *Id.* The guaranties further stipulated that the defendants would pay People's United's reasonable attorneys' fees, together with any and all court costs and expenses if the guaranties were referred to an attorney for collection. *Id.*

Despite the terms of the notes, People's United contends that Iddings repeatedly failed to pay the monthly installments in a timely manner. Dkt. 7-1 (Pace Aff.). On April 28, 2016, Iddings entered into an agreement with People's United that extended the payment plans for the outstanding notes. Dkt. 1, Exs. 1–3. Following the extension agreement, People's United contends that Iddings again failed to make its payments. Dkt. 7-1 (Pace Aff.). On December 30, 2016, Iddings filed a petition under Chapter 11 of the United States Bankruptcy Code. *Id*. Shortly after Iddings entered its bankruptcy proceedings, People's United contends that it exercised its option against the defendants to accelerate the remaining unpaid balance. *Id.* As of March 2, 2017, People's United alleges that the aggregate balance due is $510,293.25. *Id.* This balance is further subject to continuing interest according to the loan contract. Dkt. 1, Exs. 1–3.

On January 10, 2017, People's United brought this action against the defendants, alleging that the defendants are jointly liable for the outstanding balance of the notes, along with interest, attorneys' fees, and costs of court. Dkt. 1. On January 17, 2017, defendant Loeber was properly served with process. Dkt. 5. Loeber's deadline to answer or otherwise respond was February 7, 2017. *See* Fed. R. Civ. P. 12(a). On January 19, 2017, defendant Hall was properly served with process. Dkt. 6. Hall's deadline to answer or otherwise respond was February 9, 2017. *See* Fed. R. Civ. P. 12(a). The defendants were informed of their deadline for responding and the consequences of failing to do so. Dkts. 3, 5, 6. To date, neither defendant has answered or responded to this lawsuit. Dkt. 7.

On March 9, 2017, People's United filed a motion for an entry of default judgment against the defendants. *Id.* Pursuant to the Local Rules of the Southern District of Texas, People's United served this motion for default judgment upon the defendants via certified mail, with return receipt requested. *Id.*; *see also* S.D. Tex. L.R. 5.5. People's United has filed a military affidavit for each defendant that complies with the Servicemembers' Civil Relief Act, 50 U.S.C App. § 521. Dkt. 7-3.

## II. LEGAL STANDARD AND ANALYSIS

### A. Default Judgment

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R. Civ. P. 55(b)(2). Rule 4 of the Federal Rules of Civil Procedure requires the plaintiff to serve a copy of the summons and complaint on the defendant. Fed. R. Civ. P. 4(c)(1). Under Local Rule 5.5, a motion for default judgment must be served upon the defendant via certified mail, return receipt requested. S.D. Tex. L.R. 5.5.

A default judgment is a "drastic remedy, not favored by the Federal Rules[,] and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "The Federal Rules of Civil Procedure[s] are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Id.*

The defendants have failed to plead or otherwise defend against this lawsuit. Further, People's United has properly served the defendants with this lawsuit under the Federal Rules of Civil Procedure and with this motion for default judgment under the Local Rules. Given the defendants' failure to answer the complaint in a timely manner, the court has the authority to enter default against the defendants, accept all well-pleaded facts in People's United's complaint as true, and award the relief sought by People's United in this action. *See Nishimatsu Constr. Co. v. Hous. Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).

People's United alleges that the defendants entered into a guaranty agreement and assumed direct and unconditional liability for all of Iddings's obligations to People's United. Dkt. 1. Further, People's United alleges that the defendants' refusal to pay Iddings's obligations on schedule constitutes a breach of the respective guaranties. *Id.* Iddings's bankruptcy proceedings do not discharge the defendants from liability as guarantors. *See* 11 U.S.C. § 524(e). People's United claims it is owed $510,293.25 under the guaranty and corresponding loan agreement, plus interest, attorneys' fees, and costs. *Id.* People's United provides signed copies of the guaranty agreements as evidence of the defendants' obligations to People's United. Dkt. 1, Exs. 1–3. People's United provides an affidavit as evidence of damages amounting to $510,293.25, with additional interest at a rate of 18%. *Id.*; Dkt. 7-1 (Pace Aff.). Additionally, People's United provides an affidavit as evidence of relevant attorneys' fees accrued in pursuing this action. Dkt. 7-2 (Sandretto Aff.).

The court finds that plaintiff's facts regarding the claim are well pled, and the court accepts these facts as true. The court finds that an entry of default against the defendants for their failure to appear and answer People's United's complaint is warranted.

Accordingly, People's United's motion for entry of default judgment (Dkt. 7) is GRANTED. The court will enter a separate final judgment consistent with this memorandum opinion and order.

**B.     Damages**

People's United seeks (1) judgment in the amount of $510,293.25; (2) post-judgment interest thereon at the contractual default rate of 18%; (3) pre-judgment interest thereon at the contractual default rate of 18%; (4) attorneys' fees and costs in the amount of $14,003.44, as of February 27, 2017, and accruing thereafter; and (5) all costs of court. Dkt. 7.

*1. Judgment of Amount Due under Guaranty Agreements*

People's United seeks recompense under the guaranty and loan agreements in the amount of $510,293.25. *Id.* The discharge of a borrower's debt in bankruptcy does not affect a guarantor's liability. *See* 11 U.S.C. § 524(e). This section of the Bankruptcy Code preserves the creditor's claims against guarantors, and provides an avenue for creditors to freely prosecute those claims. *See In re Sandy Ridge Dev. Corp.*, 881 F.2d 1346, 1351 (5th Cir. 1989).

Because Iddings defaulted on its payments, the loan agreement allows for People's United to accelerate the maturity of the accrued and unpaid indebtedness, making the outstanding balance immediately due and payable. Dkt. 1, Ex. 1. Each defendant signed a guaranty, making the defendants jointly liable for all of Iddings's obligations to People's United. Dkt. 1, Exs. 2, 3. Iddings's bankruptcy proceedings do not affect the liability of the defendants to People's United in relation to the outstanding balance due under the notes. Accordingly, the court GRANTS People's United damages in the amount of $510,293.25.

*2. Interest on the Judgment*

Interest is allowed on any money judgment in a civil case recovered in a district court. 28 U.S.C. § 1961 (2000). Parties are free to stipulate a rate of interest different from the one prescribed in 28 U.S.C. § 1961, as long as the stipulated rate is consistent with state usury and other applicable laws. *Hymel v UNC, Inc.*, 994 F.2d 260, 266 (5th Cir. 1993). The maximum rate of interest that

Texas allows on a money judgment is 18% per year. Tex. Fin. Code Ann. § 304.002 (Vernon 2017). The recovery of interest prior to the date of judgment as an element of damages is a substantive question controlled by state law. *Wood v. Armco, Inc.*, 814 F.2d 211, 213 n.2 (5th Cir. 1987). Under Texas law, pre-judgment interest accrues at the rate for post-judgment interest. *Arete Partners, L.P. v. Gunnerman*, 643 F.3d 410, 415 (5th Cir. 2011).

Iddings's failure to pay in a timely manner and commencement of bankruptcy proceedings constituted a default under the loan agreement. Dkt. 1, Exs. 1–3. The loan documents demonstrate that the parties expressly agreed that in the occurrence of an event of Iddings's default, interest shall accrue on the balance due at the maximum lawful rate that state law permits. *Id.* Therefore, the 18% maximum interest rate that Texas law permits began to apply to the unpaid balance when Iddings filed for bankruptcy and default occurred. *Id.* Accordingly, the court GRANTS the plaintiff pre-judgment and post-judgment interest at the 18% limit that the parties agreed to in the financing arrangement.

*3. Attorneys' Fees and Costs*

The loan documents and guaranties expressly provide that the plaintiff is entitled to reasonable attorneys' fees in the event the notes are referred to an attorney for enforcement. Dkt. 1, Exs. 1–3. Courts use a two-step process to calculate reasonable attorneys' fees. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir. 1998). First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Second, the court considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case, under the twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974)).

The movant seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours expended and the hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933 (1983). Plaintiffs seeking attorneys' fees are charged with the burden of showing the reasonableness of the hours billed, and therefore, are also charged with proving that the attorneys exercised billing judgment. *Saizan v. Delta Concrete Prods. Co., Inc.*, 448 F.3d 795, 799 (5th Cir. 2006). Billing judgment requires documentation of the hours charged and the hours written off as unproductive, excessive, or redundant. *Id.* The district court has broad discretion to award attorney's fees. *Energy Mgt. Corp. v. City of Shreveport*, 467 F.3d 471,482 (5th Cir. 2006). A district court may reduce the number of hours awarded if the billing documentation is vague or incomplete. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995).

People's United seeks $14,003.44 in attorneys' fees as of February 27, 2017, with fees continuing to accrue thereafter. Dkt. 7. People's United asserts that its counsel, Mark W. Sandretto and Brian T. Johnson, have collectively expended 56.8 hours of office and court time through February 27, 2017. Dkt. 7-2. Mr. Sandretto asserts that he has expended 38.9 hours at a rate of $225 an hour. *Id.* Mr. Johnson asserts that he has expended 17.9 hours at a rate of $275 an hour. *Id.* Multiplying the hours and rates for the two attorneys results in a lodestar amount of $13,675. *Id.* People's United's counsel further asserts their firm has advanced $328.44 in travel charges. *Id.*

People's United has not met its burden of showing the amount of attorneys' fees and costs totaling $14,003.44 is reasonable. The billing records that People's United's attorneys have submitted contain redacted entries, listing time the attorneys spent, without supporting information about how the attorneys used that time. Dkt. 7-2, Exs. A, B. The redacted information that the plaintiff's attorneys have provided makes it impossible for the court to judge if the hours expended were reasonable. Without information regarding how the plaintiff's attorneys used their time, the

court is left to guess whether the attorneys' billing was relevant to this specific litigation or if some of the hours were unproductive, excessive, or redundant. Additionally, People's United's attorneys have failed to substantiate the continued fees that they seek for the period after February 27, 2017. Therefore, the court REDUCES the plaintiff's requested amount for attorneys' fees by 75% and GRANTS People's United's attorneys' fees in the amount of $3,500.86. *See, e.g.*, *Compass Bank v. Manuel Hernandez Solis*, No. 5:14-CV-152, 2015 WL 13119387, at *2 (S.D. Tex. Apr. 7, 2015) (awarding $4,291.50 in attorney's fees for an entry of default judgment); *Ryan Marine Services, Inc. v. Prime 8 Offshore, L.L.C.*, No. CV-G-14-298, 2015 WL 12838866, at *2 (S.D. Tex. Jan. 13, 2015) (awarding $1,721.09 in attorney's fees for an entry of default judgment); *see also Hensley*, 461 U.S. at 437 (emphasizing the discretion the district court has to determine the amount of a fee award).

### *4. Costs of Court*

Costs should be allowed to the prevailing party in the event of a judgment in its favor. *See* Fed. R. Civ. P. 54(d)(1). Parties must maintain their own record of taxable costs and an application for costs shall be made by filing a bill of costs within 14 days of the entry of a final judgment. S.D. Tex. L.R. 54.2. The loan documents and guaranties expressly provide that People's United is entitled to costs of court in the event the notes are referred to an attorney for enforcement. Dkt. 1, Exs. 1–3. In accordance with the terms of the contract and the Federal Rules of Civil Procedure, the court GRANTS People's United all costs of court as provided by law.

## III. CONCLUSION

People's United's motion for default judgment (Dkt. 7) is GRANTED. The court hereby awards People's United the following:

(1) judgment in the amount of $510,293.25;

(2) pre-judgment interest thereon at the contractual default rate of 18% per annum from and after March 2, 2017, until entry of judgment;

(3) post-judgment interest thereon at the contractual default rate of 18% as provided by law from entry of judgment until paid;

(4) reasonable attorneys' fees and costs in the amount of $3,500.86; and

(5) all costs of court as provided by law.

Signed at Houston, Texas on June 22, 2017.

Gray H. Miller
United States District Judge